## PLINY SHAYLOR *vs.* SILAS MIX & others.

A notice of the non-payment of a note, addressed and sent in due season by mail to an indorser, at the post-office where he usually receives his letters, and received by him there on the day after the note fell due, is sufficient to fix his liability thereon, although such post-office is in another part of the same town.

CONTRACT against the makers and indorser of a promissory note, payable at the Housatonic Bank, in Stockbridge. The action was defended by the indorser, William B. Hall, alone.

At the trial in the superior court, before *Russell*, J., it appeared that on the last day of grace, the note being unpaid, the cashier of the bank deposited in the post-office at Stockbridge a notice of the non-payment, addressed to the indorser at Curtisville, a distinct village within the town of Stockbridge, where the indorser lived, and where there was a post-office at which he usually received his letters, and that this notice was received by the indorser upon the following day. The judge ruled that upon these facts the plaintiff was entitled to recover, and a verdict was returned accordingly ; and the defendant Hall alleged exceptions.

*J. E. Field*, for the defendant Hall.

*J. Branning*, for the plaintiff.

BIGELOW, C. J. The general rule, that notice of the dishonor of a bill or note may be sent by mail to a drawer or indorser who resides in a different city or town from that in which the holder resides, is founded on the universal usage of all persons engaged in commercial and other business transactions to resort to the public post as a safe and certain medium of communication between places from and to which there is a regular transmission of the mail. Indeed, if such was not the rule, and it was necessary, in order to charge a drawer or indorser, either to give him personal notice of the dishonor of a bill or note, or to leave a notice at the place of his domicil, it is obvious that in many cases a very serious burden would be put on the holder of negotiable paper, and its free circulation beyond the

limits of the domicil of the parties would become almost impracticable. The use of the mail is therefore sanctioned by law as a necessary, proper and reasonable mode of giving notice, in all cases where the holder and the drawer or indorser of bills of exchange or promissory notes reside in different places.

The same reasons exist for holding a notice by mail sufficient, where the drawer or indorser and the person who is to give the notice reside in the same town, municipality or district, but in distinct and separate villages, parishes or settlements, at a distance of several miles from each other, between which there is a regular intercourse by mail, and where it is shown that the party to whom the notice is addressed is in the habit of receiving letters sent to him in the course of his business at the post-office of the village in or near which he resides. On the question of notice, the fact that the parties both live within the territorial limits of a large town and under the same municipal government may be quite immaterial. The real inquiry is, whether there are regular communications by mail from the place where the notice is deposited to that where the drawer or indorser resides, and a separate post-office in the latter place to which he is in the habit of resorting to receive letters which are forwarded to him there by mail. If so, then a notice seasonably deposited in the mail may well be deemed a reasonable and sufficient notice of the dishonor of a bill or note.

In the present case, it appears not only that notice of the non-payment of the note by the promisor was placed in the post-office on the day the note fell due, but it is also admitted that this notice was duly received by the defendant in the usual course of the mail. We cannot doubt that such a notice was in all respects sufficient to charge the defendant on his indorsement. *Cabot Bank* v. *Russell,* 4 Gray, 167, 170. *Ransom* v. *Mack,* 2 Hill, (N. Y.) 587. *Sheldon* v. *Benham,* 4 Hill, (N. Y.) 129. *Paton* v. *Lent,* 4 Duer, 231. *Laporte* v. *Landry,* 5 Martin, (Louis.) N. S. 359. Edwards on Bills, 602.

*Exceptions overruled.*